IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMIE M. WALLACE,           )
                             )
            Plaintiff,       )
                             )
     v.                      )
                             )   Civil Action No. 09-143J
MICHAEL J. ASTRUE,           )
COMMISSIONER OF              )
SOCIAL SECURITY,             )
                             )
            Defendant.       )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 14th day of September, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 27) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 23) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on April 19, 2005, alleging disability beginning on March 31, 2000, due to bipolar/manic depressive disorder, fibromyalgia, mitral valve prolapse and post traumatic stress disorder. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on September 14, 2007. On May 5, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 3, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 36 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Although plaintiff has past relevant work experience as a waitress and recreational vehicle cleaner, the ALJ found that she did not engage in substantial gainful activity from March 31,

2000, which was her alleged onset date of disability, until January 1, 2006. However, the ALJ found that plaintiff did engage in substantial gainful activity from January 1, 2006, through the date of the ALJ's decision on May 5, 2008.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of bipolar disorder, anxiety disorder and post traumatic stress disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels with a number of non-exertional limitations. Plaintiff is restricted to work that involves only simple, repetitive and routine tasks, and she is limited to only occasional interaction with co-workers and no interaction with the public (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to perform her past relevant work as a recreational vehicle cleaner. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In this case, plaintiff challenges the ALJ's findings at steps 1, 2, 3 and 4 of the sequential evaluation process.

- 4 -

Plaintiff first contends that the ALJ erred at step 1 by finding that she performed substantial gainful activity in 2007. Plaintiff argues at step 2 that the ALJ erred in finding that her claimed lower quadrant pain, nausea, vomiting and kidney stones are not severe impairments. At step 3, plaintiff asserts that the ALJ erred by concluding that her severe impairments of bipolar disorder, anxiety disorder and post traumatic stress disorder do not meet or equal any listing in Appendix 1. Finally, plaintiff claims the ALJ's step 4 finding that her residual functional capacity permits her to perform her past relevant work is not supported by substantial evidence. For the reasons explained below, the court finds that plaintiff's arguments lack merit.

Plaintiff first argues that the ALJ erred at step 1 regarding whether she engaged in substantial gainful activity ("SGA") at any time since her alleged onset date of disability. As already stated, the ALJ found that plaintiff did not engage in SGA from her alleged onset date of March 31, 2000, until January 1, 2006. However, the ALJ found that plaintiff performed SGA from January 1, 2006, through the date of his decision on May 5, 2008. Plaintiff concedes that she engaged in SGA in 2006, but she argues that the ALJ erred in finding that she did so in 2007. See plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 24) at 10. Contrary to plaintiff's position, the ALJ's step 1 finding is supported by substantial evidence.

If the claimant is working and the work constitutes SGA, the claimant will be found "not disabled" at step 1 of the sequential

evaluation process. 20 C.F.R. §§404.1520(b), 416.920(b). SGA is work activity that involves doing significant physical or mental activities for pay or profit that exceeds a certain threshold amount. See 20 C.F.R. §§404.1572(a) and (b), 416.972(a) and (b); §§404.1574(b)(2), 416.974(b)(2). In 2007, a person who earned more than $900 per month was considered to be engaged in SGA. See http://www.ssa.gov/OACT/COLA/sga.html (last visited on September 13, 2010).

Here, the record indicates that plaintiff's quarterly earnings in 2007 were as follows: (1) $2,872 in the 1st quarter; (2) $3,401 in the 2nd quarter; (3) $2,248 in the 3rd quarter; and (4) $2,923 in the 4th quarter.[1] (R. 65-67). Plaintiff's total earnings in 2007 were $11,444 or an average of $953.67 per month, which exceeds the $900 monthly amount that was the threshold for SGA that year. Therefore, the ALJ properly found that plaintiff did not perform SGA from her alleged onset date of March 31, 2000, through January 1, 2006, but she did engage in SGA in 2006 and 2007.

Plaintiff next argues that the ALJ erred in finding that her claimed lower quadrant pain, nausea, vomiting and kidney stones are not severe impairments. As an initial matter, plaintiff's claims of lower quadrant pain, nausea and vomiting are symptoms, not impairments. Thus, the court will address plaintiff's step 2

---

[1] The court notes that the ALJ held the record open following the administrative hearing to allow plaintiff to submit any additional employment information that she wanted him to consider, but she failed to do so. (R. 18-19).

%AO 72
(Rev. 8/82)

- 6 -

argument only as it pertains to her alleged problems with kidney stones.

The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits her physical or mental ability to perform basic work activities.[2] 20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a). Social Security Ruling 85-28 clarifies that an impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work.

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff

---

[2]Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).

nonetheless bears the burden to prove that her claimed impairments are severe. 20 C.F.R. §§404.1512(c), 416.912(c); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as she has not proffered any evidence to establish that her alleged problems with kidney stones present more than a minimal impact on her ability to perform basic work activities.[3] For this reason, plaintiff's step 2 argument lacks merit.

Plaintiff next challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden

---

[3]The court notes that the ALJ's decision contains a detailed explanation of the reasons why he found plaintiff's kidney stones to be a non-severe impairment. (R. 19-20).

to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals listing 12.04 relating to affective disorders and/or listing 12.06 relating to anxiety related disorders.

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from the severe impairments of bipolar disorder, anxiety disorder and post traumatic stress disorder. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment.[4] The ALJ indicated that he considered the listings for mental disorders in 12.00, and he explained his reasoning as to why plaintiff's impairments do not meet or equal any of those listings. (R. 20).

The ALJ satisfied his burden; however, plaintiff failed to

---

[4] Plaintiff also has argued that the ALJ did not consider all of her impairments in combination in finding that she is not disabled. Plaintiff's argument in this regard lacks merit. The ALJ specifically stated as part of his step 3 analysis that he considered her impairments in combination in determining that she did not meet or equal a listing. (R. 20). Moreover, the remainder of the ALJ's decision makes clear that he considered plaintiff's impairments in combination in making the RFC Finding, and in concluding that she is capable of performing her past relevant work. (R. 21-25).

sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals listings 12.04 and/or 12.06, plaintiff did not explain how her medical conditions satisfy the criteria of either of those listings, nor did she identify any medical evidence that substantiates her argument. Accordingly, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 4 finding is supported by substantial evidence. At step 4, the issue is whether plaintiff's residual functional capacity permits her to perform her past relevant work. 20 C.F.R. §§404.1520(f), 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 4 because he failed to give appropriate weight to the opinion of certain unspecified mental health treatment providers. Although plaintiff did not identify the mental health treatment providers to whom she refers, the court assumes she refers to Dr. Cecilia Levich, a psychiatrist, and Ms. D. Gibbons, a nurse practitioner at Altoona Behavioral Health Services. As explained below, the court finds no error in the ALJ's consideration of this evidence.

First, Dr. Levich recommended in a brief note dated April 21, 2005, that plaintiff should be excused from work for one week for further evaluation. (R. 327). Other than that recommendation, Dr. Levich did not proffer an opinion that plaintiff is permanently disabled, nor did she identify any functional limitations that would preclude plaintiff from working. In sum, Dr. Levich's recommendation that plaintiff should be excused from one week of work does not establish that she is disabled.

Next, plaintiff's contention that the ALJ did not give appropriate weight to the opinion of Ms. Gibbons, a nurse practitioner, lacks merit. The ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists, podiatrists and qualified speech pathologists. 20 C.F.R. §§404.1513(a), 416.913(a). The ALJ also may consider evidence about a claimant's disability from other sources who are not deemed an "acceptable medical source," such as a nurse practitioner like Ms. Gibbons. See 20 C.F.R. §§404.1513(d)(1), 416.913(d)(1) (listing nurse practitioner among occupations that are not "acceptable medical sources"). However, the opinion of an individual who is not an acceptable medical source is not entitled to controlling weight. See Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999) (finding that a chiropractor is not "an acceptable medical source" and his opinion is not entitled to controlling weight in determining whether a claimant is disabled).

Although the ALJ was not obliged to afford controlling weight

- 11 -

to Ms. Gibbons' opinion, he nevertheless considered her opinion rendered on September 28, 2007, that plaintiff was limited to working twenty-five hours per week. (R. 553). The ALJ properly afforded Ms. Gibbons' opinion minimal weight, noting that she did not cite any objective findings to support her opinion and it was not supported by other medical evidence in the record, including the treatment records from Altoona Behavioral Health Services. (R. 25). For this reason, as well as those stated above, the ALJ properly weighed the opinions of plaintiff's mental health treatment providers in finding her not disabled at step 4.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901